PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY WALTON, | ) | |
| | ) | CASE NO. 4:17CV2636 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ELEANOR L. ROSS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Leroy Walton appears to have filed this action against myriad officials in the state of Georgia. ECF No. 1. His true intent is unintelligible. The Complaint is a collage of other documents. While Plaintiff has also filed two supplements to his complaint, ECF Nos. 2 and 3, none of Plaintiff's pleadings make coherent allegations or identifiable legal claims. His only discernible allegation is that the judges named in this action are corrupt. Plaintiff does not specify the relief he seeks.

**I. Standard of Review**

Although *pro se* pleadings are liberally construed (*Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) and *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a

(4:17CV2636)

defendant is immune from suit or when a plaintiff claims a violation of a legal interest which patently does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32 (1992); Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe a complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." Id. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." Id. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." Id.

2

(4:17CV2636)

## II. Discussion

As an initial matter, the Northern District of Ohio is not the proper venue for this action. A civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the state in which the court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). This case has no apparent connection to the Northern District of Ohio. All of the parties appear to work and possibly reside in the state of Georgia. There is no suggestion that events took place in the NDOH giving rise to this action. It appears that, if the case alleged a viable cause of action, the Northern District of Georgia would be the proper venue for it.

Following that thread, section 1406(a) of Title 28 of the United States Code provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. In this case, the complaint is composed entirely of clippings from other documents. It contains no discernible allegations or legal cause of action. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal

3

(4:17CV2636)

theory to satisfy federal notice pleading requirements. See *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Even liberally construed, Plaintiff's complaint does not sufficiently state a claim or claims upon which Plaintiff intends to base his action. It, therefore, would not be in the interest of justice to transfer this matter. Instead, dismissal is proper.

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| April 25, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |